

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KEVIN SHED, §
§
    Movant, §
§
VS. §
§ NO. 4:08-CV-230-A
§ (NO. 4:03-CR-316-A)
UNITED STATES OF AMERICA, §
§
    Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Kevin Shed under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having considered the motion, the government's response in opposition, movant's reply, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

A.  Movant's Plea and Sentence

On December 17, 2003, movant was named in Counts 1 through 11 of a superseding indictment charging him and others in sixteen counts. On March 5, 2004, movant pleaded guilty to Count 1 (conspiracy to possess a controlled substance with intent to distribute in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), and 846) and Count 4 (conspiracy to commit laundering of monetary proceeds in violation of 18 U.S.C. § 1956(h)). On June 25, 2004, the court sentenced movant as to Count 1 to a term of life imprisonment, to be followed by five years of supervised release,

and as to Count 4 to a concurrent term of 240 months' imprisonment, to be followed by three years of supervised release. The court dismissed as to movant Counts 2, 3, and 5 through 11 of the superseding indictment. In light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the United States Court of Appeals for the Fifth Circuit vacated movant's sentence, and on September 23, 2005, the court re-sentenced movant as to Count 1 to 480 months' imprisonment, to be followed by five years of supervised release, and as to Count 4 to a concurrent term of 240 months' imprisonment, to be followed by three years of supervised release. The Fifth Circuit affirmed movant's conviction and revised sentence on December 1, 2006, and the Supreme Court denied certiorari on April 2, 2007. Movant timely filed this, his first post-conviction motion.

B.  <u>Movant's Attorneys</u>

Throughout the proceedings described above, movant was represented by a host of different attorneys. Initially, the federal public defender represented movant. Then, by order signed December 8, 2003, the court discharged the federal public defender, and appointed J. Warren St. John ("St. John"). The following day, Douglas C. Greene ("Greene") entered an appearance as a retained attorney, and St. John was terminated. On January 8, 2004, the court held a telephone conference/hearing on movant's motion to substitute Steven Rozan ("Rozan") for Greene as retained counsel. The court granted the motion, and Rozan, along with Roderick Christopher White as local counsel, filed

their notices of appearance on January 9, 2004. Rozan represented movant when he entered his pleas of guilty as to Counts 1 and 4 of the superseding indictment.

On June 2, 2004, the court signed an order granting movant's motion to substitute Jeff Kearney ("Kearney") for Rozan. Kearney represented movant at a June 21, 2004, hearing on movant's motion to withdraw his guilty plea, at the initial sentencing on June 25, 2004, and on movant's direct appeal. On August 18, 2005, the court held a telephone conference/hearing on movant's motion to allow Kearney to withdraw and to appoint new counsel, and denied the motion. On September 22, 2005, William Reagan Wynn ("Wynn") entered an appearance as counsel for movant and represented movant at his re-sentencing on September 23, 2005.

II.

## Grounds of the Motion

Movant alleges that Greene, Rozan, Kearney, and Wynn each rendered ineffective assistance of counsel in various respects.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional

magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issue in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

Analysis

To prevail on his ineffective assistance of counsel claims, movant would have to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need

4

not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). The Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

A.  Greene's Representation

Movant alleges that Greene rendered ineffective assistance of counsel because his representation of movant was tainted by conflicts of interest. First, movant asserts that prior to representing movant, Greene had represented Terrance Cash, an informant that was not a party in the case but that implicated movant as a cocaine supplier. Movant further complains that after his representation of movant was terminated, Greene represented Quincy Levine ("Levine"), a co-defendant in the same proceeding.

To prove a Sixth Amendment violation based on a conflict of interest arising from multiple representation, movant would have to establish: "(1) that his counsel was acting under the influence of an actual conflict that (2) adversely affected representation." United States v. Culverhouse, 507 F.3d 888, 892 (2007). "[T]he first prong . . . requires a defendant to show

5

something more than a speculative or potential conflict."  Id.

Greene represented movant for approximately one month, his only appearance for movant was at the arraignment on the original indictment where movant pleaded not guilty, and Greene did not file any motions on movant's behalf. Movant has failed to establish either that Greene took any action under the influence of an actual conflict or that anything Greene did adversely affected the representation. Having failed to establish nothing other than a speculative or potential conflict, movant is entitled to no relief based on Greene's representation. See id.

B.  Rozan's Representation

After Greene was terminated, Rozan represented movant. Movant argues that he was ineffective in: failing to subject the government's case to meaningful adversarial testing;[1] failing to conduct adequate investigation and/or interviews of certain witnesses; filing a motion to suppress that was factually incorrect; failing to take action when movant told Rozan that Greene's representation of Levine was tainted by the conflict created by Greene's prior representation of movant; and failing to obtain an exculpatory witness statement in the possession of Greene. Movant further argues that Rozan deceived him into waiving his right to a jury trial and induced him into pleading guilty based on the misrepresentation that there was a deal with the government to dismiss and/or reduce charges against movant's

---

[1] Movant cites United States v. Cronic, 466 U.S. 648 (1984) in support of this claim.

6

wife and movant's aunt in exchange for movant's guilty plea, and that movant would be able to withdraw his guilty plea once it was entered.

Movant's claims that Rozan failed to subject the government's case to meaningful adversarial testing and that he filed a motion to suppress that was factually incorrect are wholly conclusory, so movant is not entitled to any relief thereon.[2] See Woods, 870 F.2d at 288 n.3. Further, for the reasons given by the government in its response from pages nine to eleven, movant is not entitled to any relief based on his claim that Rozan failed to conduct adequate investigation and/or interviews of certain witnesses.[3] Likewise, movant is not entitled to any relief based on his claim that Rozan failed to take action when movant told Rozan that Greene's representation of Levine was tainted by the conflict created by Greene's prior representation of movant. Movant has established nothing other than a speculative or potential conflict. Additionally, Rozan testified at the hearing on movant's motion to withdraw his guilty plea that he had spoken with Greene, and he was satisfied that there was no conflict that needed to be pursued with any kind of motion.

Finally, the court has already considered and rejected

---

[2] In fact, the record of the criminal action establishes that Rozan did subject the government's case to adversarial testing.

[3] The court notes that two of the potential witnesses are Robert Cherry and Artis White. They both testified at the hearing on movant's motion to withdraw his guilty plea. The court found their testimony incredible and stated that it understood why Rozan would decline to call them as witnesses.

movant's argument that Rozan deceived him into waiving his right to a jury trial and induced him into pleading guilty based on the misrepresentations that there was a secret deal with the government and that movant would be able to withdraw his guilty plea once it was entered. On June 21, 2004, the court held a hearing on movant's motion to withdraw his guilty plea. At the hearing, the court heard testimony to the effect that Rozan told movant before he entered his guilty plea that he could later withdraw it, but the court did not accept such testimony as believable. The court concluded that the plea was knowing and voluntary and denied movant's motion to withdraw it. In an order signed the day after the hearing, the court explained that:

> While window-dressing grounds are alleged in Shed's motion to withdraw his guilty plea, in plain language the thrust of his motion is the absurd proposition that he should be permitted to withdraw his plea because he made misrepresentations to the court, under oath, and misled the court at the rearraignment hearing, with the goal of causing the court to accept his plea of guilty and the intent, thereafter, to withdraw his plea.

Order signed June 22, 2004, in Case No. 4:03-CR-316-A, at 3. The court underscored its conclusion that movant:

> [E]ntered his plea knowingly and voluntarily, and that the court accepted the plea based on [movant]'s sworn representations that, other than his plea agreement, no one had made any promise or assurance to him of any kind in an effort to induce him to enter a plea of guilty, that no one mentally, physically, or in any other way attempted in any way to force him to plead guilty, and that he had no deal, agreement, or understanding of any kind with the government other than what is in his plea agreement.

Id. at 4 The court concluded that "[i]f a defendant were to be permitted to withdraw a plea of guilty under the circumstances of

8

this case, the plea procedures contemplated by Rule 11 of the Federal Rules of Civil Procedure would be a farce." Id. at 4-5.[4]

The court adheres to the findings and conclusions it reached in connection with movant's motion to withdraw his guilty plea because movant has not presented anything as could cause any other result. Movant is not entitled to any relief based on his complaints relating to Rozan.

C. <u>Kearney & Wynn</u>

Movant argues that Kearney, who represented movant in connection with his motion to withdraw his guilty plea, and Wynn, who represented movant at re-sentencing, rendered ineffective assistance in various regards. With respect to Kearney, movant claims that he failed to object to the court's ruling that his guilty plea was knowing and voluntary, and that Kearney should have raised the issue on appeal. Movant's complaints with respect to Kearney lack merit.[5]

With respect to Wynn, movant argues that he failed to properly object to the relevant conduct attributed to movant at re-sentencing, and that Wynn should have raised that issue and the reasonableness of the sentence on direct appeal. The court agrees with the government, for the reasons given by the

---

[4]The United States Court of Appeals for the Fifth Circuit held that the court did not abuse its discretion by denying movant's motion to withdraw his guilty plea. <u>United States v. Shed</u>, 136 F.App'x 622, 623 (5th Cir. 2005).

[5]As the government notes, Kearney's entire basis for withdrawal of the guilty plea was that it was not knowing or voluntary, based on Rozan's prior misrepresentations. Further, the Fifth Circuit affirmed the court's denial of the motion to withdraw the plea, so the issue was necessarily raised on appeal.

9

government, that movant is not entitled to any relief based on his arguments in connection with Wynn's representation.

D. Conclusion

Movant has not adduced anything as would overcome either the presumption that he stands fairly and finally convicted, see Frady, 456 U.S. at 164, or the strong presumption that his lawyers' conduct fell within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689. Specifically, he has failed to identify any conduct or lack of conduct of any of his attorneys as would cause the court to question the voluntary and intelligent character of his guilty plea.

V.

Order

For the reasons discussed herein, movant is not entitled to any relief on any of his claims. Therefore,

The court ORDERS that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, denied.

SIGNED June 16, 2008.

_____
JOHN McBRYDE
United States District Judge